FILED
SUPERIOR COURT
OF GUAM

2025 JAN 30 PM 12: 16

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DONNA SPADDY, | **CIVIL CASE NO. <u>CV0499-24</u>** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE DEFAULT JUDGMENT** |
| TINA NGUYEN, | |
| Defendant. | |

In this action for slander, false light invasion of privacy, and intentional infliction of emotional distress (IIED), Plaintiff Donna Spaddy asks the Court to award a Default Judgment to include damages against Defendant Tina Nguyen following the entry of default against Nguyen. Entry of Default (Nov. 19, 2024). In reviewing the materials provided by Spaddy, however, the Court finds that while entry of default judgment against Nguyen is appropriate, damages are not.

## I.   <u>FACTUAL BACKGROUND</u>

Spaddy and Nguyen were formerly co-workers at the Department of Morale, Welfare & Recreation (MWR) under the United States Navy. Spaddy served as the Fleet Readiness Director (also known as the "Marine Welfare Recreation Director") but was terminated on November 19, 2024. Decl. Donna Spaddy, Ex. 1 (Dec. 17, 2024). Spaddy claims that Nguyen was previously employed as the MWR Program Coordinator, faced an employment disciplinary action due to her performance in this role, and unsuccessfully applied for the Community Recreation Director position under the same organization. Compl. ¶¶ 6, 7 (Sept. 24, 2024).

Spaddy alleges that Nguyen took retaliatory action against her as a result of the

ORIGINAL

disciplinary action and not being hired for the Community Recreation Director position in Spaddy's department. Hr'g (Dec. 12, 2024). Specifically, Spaddy alleges that Nguyen intentionally harmed her by falsely and publicly informing others that Spaddy planned to submit a Purchase Request or form a business and obtain business licenses related to the sale or rental of Christmas decorations in order to unlawfully profit from the Navy. Compl. ¶ 8. She alleges that Nguyen's actions amount to slander, false light invasion of privacy, and intentional infliction of emotional distress.

Spaddy states that Nguyen took her retaliatory action as an "in-person complainant" involved with a Navy Inspector General Report dated April 8, 2024. Decl. Donna Spaddy ¶ 5. The Navy Inspector General Report was initiated because the Joint Region Marianas Office of the Inspector General received an in-person complainant on November 22, 2023. The in-person complainant alleged that Spaddy "improperly stored large quantities of winter holiday decorations in a Government-owned storage facility located on [Naval Base Guam] without command approval." *Id.*, Ex. 2 at 1. Spaddy claims that she asked permission from the Navy to use her personally owned decorations to augment the Base Christmas tree light decorations at no expense to the Navy, partially because her property did not have space to display the decorations that year as a result of Typhoon Mawar. Compl. ¶¶ 11, 12. This claim was analyzed and a determination was made that potentially larger economic crimes may have occurred. This ultimately led to a Naval Criminal Investigative Services review of Spaddy, after which she was terminated from her position. Decl. Donna Spaddy, Ex. 2 at 1.

Spaddy submitted two, non-consecutive pages of the Navy Inspector General Report: one page with the background section of the preliminary statement and one page with a portion of the testimony from an unidentified Witness 1 (W1) and a second witness 2, Chad Quinn. *Id.*, Ex. 2

ORIGINAL

at 2. The following details are directly from Exhibit 2 of Donna Spaddy's Declaration. W1's testimony states that Spaddy "at no point in time, sought command approval to store the decorations in the warehouse." Quinn's testimony includes statements that he was informed that Spaddy "brought the items onto [Naval Base Guam] with the intent to store it until an unknown business could properly obtain a business license" and "once that business received its business license, [Spaddy] would submit a purchase request for the decorations to the CJRM J9 procurement office." Quinn's testimony states that he conducted a visual inspection of the decorations and found them to be "in excess over a hundred thousand dollars" and "commercial grade, far beyond what I would believe and what I believe, that [redacted] also felt was beyond residential use." He further stated that these items "definitely looked like ... they would be something used in a commercial venue, or you know, public displays." These two pages do not identify Nguyen as the "in-person complainant."

Spaddy purports that she was terminated from her employment because of Nguyen's actions. Spaddy requests relief from Nguyen in the form of actual damages for lost wages in the sum of $829,931.70, damages for pain and suffering in the sum of $25,000.00, and punitive damages of $100,000.00. Hr'g.

## II.   LAW AND ANALYSIS

Under Guam Rule of Civil Procedure Rule 55, a Court may enter a default judgment and if necessary "take an account or . . . determine the amount of damages or . . . establish the truth of any averment by evidence or to make an investigation of any other matter." In coming to its determination here, the Court considers statements made by Spaddy in her Complaint, Declaration, and the hearing, as well as the portions of the Navy Inspector General Report provided in Exhibit 2 of her Declaration.



### A. Default Judgment

A Default Judgment is entered by courts when there is a valid cause of action and no procedural issues. *Export Development Canada v. Shore Acres Plant Farm, Inc.,* 526 F.Supp.3d 1139, 1145 (Ala. 2021), *Abney v. Alameida,* 334 F.Supp.2d 1221, 1235 (Cal. 2004). Courts have held that a default judgment does not involve a judicial examination of the merits of the claim, solely that there is a valid cause of action presented. *Unknown Heirs at Law of Blair v. Blair,* 601 So.2d 848, 851 (Miss. 1992); *State ex rel. Acuity v. Thornill,* 516 S.W.3d 400, 403 n.5 (Mo. Ct. App. 2017). To determine whether there is a valid cause of action, the Court considers the sufficiency of the pleadings presented by Spaddy, rather than the merits of her claim. Guam Rule of Civil Procedure 8(a) provides, in relevant part, that "[a] pleading which sets forth a claim for relief... shall contain... a short and plain statement of the claim showing that the pleader is entitled to relief." In Guam, pleadings are required to provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Ukau v. Wang,* 2015 Guam 25 ¶ 21.

Here, Spaddy alleges the claims of slander, false light invasion of privacy, and IIED. For each of her claims, Spaddy provides a statement of the claim as well as alleged facts to support them. The Court determines that her pleadings provide sufficient notice of the claims and the grounds upon which it rests. Accordingly, the Court finds that Spaddy presented valid causes of action which support an entry of default judgment.

### B. Damages

An entry of default judgment, however, does not automatically warrant an entry of the requested damages. *Barragan v. Banco BCH,* 232 Cal.Rptr. 758, 769 (Cal. Ct. App. 1986). A plaintiff must still prove that they are entitled to damages. *Id.* In order to determine if Spaddy is entitled to damages, the Court analyzes the substance of her claims.

ORIGINAL

First, the Court looks at Spaddy's claim of slander. Slander is defined as

> a false and unprivileged publication other than libel, which ... [t]ends directly to injure [a person] in respect to [her] office, profession, trade, or business, either by imputing to [her] general disqualification in those respects which the office or the other occupation peculiarly requires, or by imputing something with reference to [her] office, profession, trade, or business that has a natural tendency to lessen its profits; ... or ... [w]hich, by natural consequence, causes actual damages.

19 GCA § 2104(c), (e). The Court finds conflicting narratives about the events in issue, specifically, with W1 stating that Spaddy did not seek command approval to store the decorations while Spaddy stated she did ask for permission. Further, the only information Spaddy provides to illustrate that Nguyen made these statements was that "Nguyen became upset with Spaddy and decided to intentionally harm her by falsely and publicly informing others." Compl. ¶ 8. There is no information about how Spaddy knows Nguyen made these statements nor any information on how Nguyen knew this information was false. Additionally, Spaddy claims that Nguyen was the in-person complainant in the Navy Inspector General Report, however, the Navy Inspector General Report does not state that Nguyen was the in-person complainant, and Spaddy does not state how she knows Nguyen was the in-person complainant. Because there is no link between Nguyen and the slander, the Court finds Nguyen is not liable to pay Spaddy damages for this claim.

Next, the Court looks at Spaddy's claim of false light invasion of privacy. Spaddy contends that Nguyen's conduct constitutes false light invasion of privacy "because Nguyen made public false information and distributed a false representation of Spaddy that would be highly offensive to a reasonable person, and Nguyen did so with knowledge that it was false or reckless disregard as to its truth or falsity." *Id.* ¶ 28. Again, the Court finds there is insufficient information to illustrate that Nguyen in fact made these statements and that she knew these



statements were false. As such, the Court finds Nguyen is not liable for damages for any false light invasion of privacy.

Finally, the Court looks at Spaddy's IIED claim. Spaddy states that "by making false statements, filing a false report, giving false testimony, and encouraging others to do the same, all out of a desire to seek retribution and revenge against Spaddy, Nguyen's actions were repugnant, intolerable, and so extreme and outrageous as to exceed the bounds of decency and all reason." Compl. ¶ 33. She further states that "Nguyen acted with the intent to inflict emotional distress or acted recklessly when it was certain or substantially certain that emotional distress would result from her outrageous conduct." *Id.* ¶ 34. Once again, the Court finds there is insufficient information to illustrate Nguyen made false statements with the intent to inflict emotional distress or acted recklessly, knowing emotional distress would arise. Accordingly, the court finds Nguyen is not liable to pay damages for IIED inflicted upon Spaddy.

## III.    CONCLUSION AND ORDER

The Court finds that Spaddy is entitled to a Default Judgment for her claims of slander, false light invasion of privacy, and IIED. However, the Court finds that Spaddy failed to adequately establish Nguyen's liability for damages. A Default Judgment for $0.00 shall be issued.

**SO ORDERED, 30 January 2025.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Parties/Attorney:
Daniel J. Berman, Esq., Berman Law Firm, for Plaintiff Donna Spaddy

ORIGINAL